JAMES B. COLE & another *vs.* HALSEY J. BOARDMAN & others.

Suffolk.   Nov. 13, 1877. — Jan. 2, 1878.   COLT & AMES, JJ., absent.

In an action on two promissory notes, it appeared that the defendants were stockholders in, and directors of, a corporation in which the plaintiff was also a stockholder; that the plaintiff and the defendants with other stockholders voted at a corporate meeting to authorize the directors to lease all the lands of the corporation; that the directors executed a lease to an association composed of themselves, which lease was ratified by a stock vote of the corporation, the plaintiff voting in favor of it and giving assurances that he would become a member of the association; that, at this time, the plaintiff had an interest in a decree obtained in a court of chancery against the corporation as trustee, the amount of which had not been judicially determined; that the plaintiff prevailed on the defendants, acting as directors, to assent to an entry of judgment for the sum claimed, by reason of which the plaintiff was enabled to obtain precedence over several cases then pending against the corporation; that the plaintiff assigned to the defendants this judgment and another judgment which he held against the corporation, and took the notes in suit in payment therefor, made by the association and indorsed by the defendants; that the plaintiff represented to the defendants that the association would be thereby enabled to acquire title to all the property of the corporation by a legal early sale thereon, and exclude the other stockholders from any interest therein, and prevent other creditors from collecting their claims; and that the plaintiff's attorneys gave assurances that they would make the plaintiff become a member of the association. *Held*, that no fraud appeared on the part of the plaintiff which made the consideration of the notes illegal as against public policy, and that the plaintiff was entitled to judgment.

CONTRACT against Halsey J. Boardman, J. B. Loomis, J. W. Beals and Edward Page, on two promissory notes, signed "Pequest Iron Association, J. W. Beals, treasurer," payable to the order of the defendants and by them indorsed. The first note, dated September 29, 1875, was for $446.51, payable four months after date; and the second, dated September 30, 1875, was for $2734.13, payable three months after date. Writ dated March 11, 1876. Trial in this court, without a jury, before *Colt,* J., who reported the case for the consideration of the full court in substance as follows :

The plaintiffs and the defendants were stockholders in the Pequest Mining and Manufacturing Company, a corporation established under the laws of the State of New Jersey. The Pequest Iron Association, the maker of the notes in suit, was a copartnership, organized for the purpose of taking a lease of the real estate of the corporation, purchasing its personal property and conducting the business of manufacturing iron in the same manner as had previously been done by the corporation, which was then in debt and in embarrassed circumstances. The plaintiffs and defendants met at Jersey City in the State of New Jersey, on July 16, 1875, and voted, with other stockholders, to authorize the directors of the corporation to execute a lease of its lands. The directors made a lease of said lands, dated July 20, 1875, but not executed until afterwards, to the defendants and one Edward E. Butman, acting together as said association, all of the lessees being directors of the corporation, except the defendant Page, the defendant Boardman being, at the time, president, and the defendant Loomis, treasurer of the corporation. At another meeting of the stockholders held in Jersey City, August 27, 1875, the lease above mentioned was ratified by a majority vote of the stock interest, the plaintiffs voting in favor thereof, and giving assurances that they would become members of the association.

At this time the plaintiffs had an interest to the amount of $2734.13, in a decree obtained in a court of chancery, against one McHose, in which proceeding the corporation was held as trustee. The amount due from the corporation to McHose had not been judicially determined at the time of making the lease, but there was evidence that the plaintiffs prevailed upon the

defendants, acting as directors of the corporation, to assent to an entry of judgment for the sum claimed, the agreement being executed by the president in August, 1875, after the association of which he was a member was formed. By this agreement, the decree, including the claim of the plaintiffs, took precedence of several suits then pending, and the plaintiffs were enabled to make a levy upon the real and personal estate of the corporation in the early part of the following September.

There was evidence that the plaintiffs, at the time the notes in suit were dated and given, represented to the defendants that if the association would buy the judgment upon the decree in which the plaintiffs were interested, and a certain other judgment which they held against the corporation for $446.51, the association would be enabled to acquire title to all the property of the corporation by a legal early sale thereon, and exclude all other stockholders in the corporation from any interest therein, and prevent other creditors of the corporation from collecting their claims; the attorneys of the plaintiffs who obtained the judgment at the same time also giving assurances that they would make the plaintiffs become members of the association; that the defendants, for the purposes named, gave the notes in suit to the plaintiffs, indorsed the same individually, and took an assignment of the judgments.

Upon this evidence, the defendants asked the judge to rule that the consideration of the notes was illegal and against public policy; but the judge refused so to rule; and found upon the evidence that there was a valid consideration for the notes in suit.

If on these facts a jury would be authorized to find that the consideration of the notes in suit was illegal, the case was to stand for trial; otherwise, judgment to be entered for the plaintiffs for the amount of the notes and interest.

*W. S. Macfarlane*, for the plaintiffs.

*B. Dean*, for the defendants, contended that the consideration of the notes was against public policy and illegal; and cited *Fuller v. Dame*, 18 Pick. 472; *Guernsey v. Cook*, 120 Mass. 501.

MORTON, J. The only objection of the defendants to a judgment against them is that the notes in suit were founded upon an illegal consideration. It appeared at the trial that the plain-

tiffs had obtained two judgments against the Pequest Iron and Manufacturing Company, a corporation established under the laws of the State of New Jersey. There is nothing to show that these judgments were obtained fraudulently. The fact that the defendants, as directors of the corporation, agreed as to the amount for which the larger judgment should be entered for the plaintiffs, and thus enabled them to obtain priority over other creditors of the corporation, does not show fraud. For aught that appears, the amount for which judgment was entered was justly due from the corporation; and, in a case not affected by the provisions of any bankrupt or insolvent law, a debtor has a right to confess judgment and thus give one creditor a preference. Nothing whatever was shown to impeach the smaller judgment. •

The plaintiffs then, having two valid judgments against the corporation, levied upon its estate, and afterwards assigned the judgments to the defendants, such assignments being the consideration of the notes in suit. The defendants introduced evidence tending to show that, at the time the notes were given, the plaintiffs represented to them that if they would buy the judgments they would be enabled to acquire a title to all the property of the corporation by a legal early sale thereon, and exclude all other stockholders in said corporation from any interest therein, and prevent other creditors of said corporation from collecting their claims.

But this evidence does not show any fraud upon the part of the plaintiffs. They were pursuing their legal remedies against the corporation. The representations were merely statements that they had acquired certain legal priorities and advantages over the other creditors and stockholders, which, by an assignment of the judgments, would pass to the defendants.

We are of opinion that, upon the evidence, no fraud is shown upon the part of the plaintiffs which makes the consideration of the notes illegal or against public policy, and that they are entitled to judgment for the amounts of both notes.

*Judgment for the plaintiffs.*